LAW OFFICES OF BOWMAN AND ASSOCIATES
ROBERT C. BOWMAN (SBN 232388)
KARA KESITER (SBN 250260)
3841 North Freeway Blvd., Suite 185
Sacramento, California 95834
Telephone: (916) 923-2800
Facsimile: (916) 923-2828
Email: kara@bowmanandassoc.com

Attorneys for Plaintiff
KEN V. LEYVA


JACKSON LEWIS LLP
DALE R. KUYKENDALL (SBN 148833)
JERRY J. DESCHLER JR. (SBN 2156910)
801 K Street, Suite 2300
Sacramento, California 95814
Telephone: (916) 341-0404
Facsimile: (916) 341-0141
Email: kuykendd@jacksonlewis.com
       deschlerj@jacksonlewis.com

Attorneys for Defendant
CANON SOLUTIONS AMERICA, INC.
successor to OCE IMAGISTICS INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| KEN V. LEYVA, | Case No.   2:13-cv-00200-GEB-AC |
| Plaintiff, | **STIPULATION AND ORDER FOR PROTECTIVE ORDER PRECLUDING DISCLOSURE OF CONFIDENTIAL AND/OR PROPRIETARY INFORMATION** |
| v. | |
| OCE IMAGISTICS INC., a Delaware Corporation doing business in California and DOES 1 through 50, inclusive, | |
| Defendants. | Complaint Filed:  11.01.12<br>Trial Date:         None Set |

WHEREAS Plaintiff KEN V. LEYVA ("Plaintiff") and Defendant CANON SOLUTIONS AMERICA, INC., successor to OCE IMAGISTICS INC. ("Defendant") have agreed to exchange information and/or propound or intend to propound discovery, and Plaintiff and Defendant (collectively, the "Parties") contend that the disclosure of some responsive

1

information would entail the disclosure of confidential, personal and/or proprietary business information and trade secrets not otherwise available to such other parties or the public generally, particularly due to the nature of Defendant's business and/or third party privacy rights.

WHEREAS Defendant intends to produce certain documents solely for the purpose of the present litigation.

WHEREAS issuance of a protective order is appropriate pursuant to Federal Rule of Civil Procedure 26(c) to protect, among other things, such confidential information.

**IT IS HEREBY STIPULATED AND AGREED** by all Parties to the above-captioned action ("Action"), through their undersigned counsel and subject to the approval of the Court, the following provisions shall govern documents and information produced in this Action:

1. Designated Material. During discovery any information or material within the scope of Federal Rule of Civil Procedure 26, including but not limited to documents, deposition testimony, transcripts and accompanying exhibits, interrogatory answers, responses to request to admit and other written, recorded or graphic materials, may be designated as "CONFIDENTIAL," "CONFIDENTIAL – COUNSEL'S POSSESSION ONLY" or words of similar import ("Counsel's Possession Only Confidential Material"), or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or words of similar import ("Attorneys' Eyes Only Confidential Material") by the person or entity producing, providing, filing or lodging it or by any Party to this Action ("Designating Person"). All "CONFIDENTIAL," "CONFIDENTIAL – COUNSEL'S POSSESSION ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and material, and all information or material derived from it, constitute "Designated Material" under this Stipulation. A party may not designate information or material as "CONFIDENTIAL," "CONFIDENTIAL – COUNSEL'S POSSESSION ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if there has been a prior final determination by the court that such information or material may not be treated as confidential for the reasons claimed by the Designating Party.

///

///

2
Stipulation and Order For Protective Order Precluding Disclosure of Confidential and/or Proprietary Information
*Leyva v. OCE Imagistics Inc., et al.*
USDC, EDC Case No.: 2:13-cv-00200-GEB-AC

1    (a)    For documents designated "CONFIDENTIAL," the Parties intend the Designated Material to include such things as proprietary business information and materials, trade secrets, and material subject to privacy rights.

(b)    If a Party reasonably believes that the particular material to be produced or disclosed is of such a highly sensitive nature that its disclosure should be limited only to those persons identified in Paragraph 3, below, that Party may designate the Material as "CONFIDENTIAL – COUNSEL'S POSSESSION ONLY" or words of similar import ("Counsel's Possession Only Confidential Material").

(c)    On rare occasion, if a Party reasonably believes that the particular material to be produced or disclosed is of such a highly sensitive nature that its disclosure should be limited only to those persons identified in Paragraph 4, below, that Party may designate the Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or words of similar import ("Attorneys' Eyes Only Confidential Material").

2.    <u>Access to Confidential Material</u>.   The designation of any document as "CONFIDENTIAL" shall not preclude any Party from showing or providing a copy of the document to any person who appears as an author, addressee or recipient on the face of the document.

(a)    For documents designated "CONFIDENTIAL," the Designated Material shall not be otherwise used or disclosed for any purposes whatsoever, except in connection with the litigation of the Action (including any appeal).

(b)    Documents designated as "CONFIDENTIAL" may be disclosed only to the following persons:

(1)    the named Parties to this action and their officers, directors and/or employees, and those employees employed as of the date the document was created who were in a position to have access to the document;

(2)    the Parties' counsel, including in-house counsel, and such counsel's legal associates, paralegals, secretaries, and offices staff;

///

3

(3) independent experts or consultants and their staffs specifically retained to assist counsel in this litigation, provided that any such experts or consultants shall, prior to any disclosure, execute a Declaration Regarding Compliance to be bound by this Stipulation (in the form attached hereto as Exhibit A), which shall be maintained at the office of counsel retaining such expert or consultant and produced to opposing counsel at the conclusion of the action;

(4) third parties specifically retained by counsel for Parties to this Action (or their legal associates and their offices' staffs) for copying or computer coding of documents, but only for such copying or computer coding purposes, and provided that any such third parties, prior to any disclosure, execute a Declaration Regarding Compliance to be bound by this Stipulation (in the form attached hereto as Exhibit A), which shall be maintained at the office of counsel retaining such expert or consultant and produced to opposing counsel at the conclusion of the action;

(5) the Court, court reporters, and court officers, pursuant to paragraph 7 of this Stipulation; and

(6) any witness shown the document in a deposition in this litigation.

3. <u>Access to Counsel's Possession Only Confidential Material</u>.  Counsel's Possession Only Confidential Material, or copies thereof, may be reviewed by the Parties, officers and current employees of the Parties to this Action (only to the extent that they are responsible for the prosecution and/or defense of this lawsuit, are actual or potential witnesses, or their whose knowledge of such information is otherwise necessary to enable the Parties to litigate the Action, prepare the Action for trial, or to engage in appellate proceedings herein) to whom it is produced, but may not be held in the possession of the Party to whom it is produced.

(a) Counsel's Possession Only Confidential Material may only be held in the possession of the following persons and is subject to the following conditions:

(1) Counsel of record for the Parties to the action, now or in the future, their respective associates, partners, law clerks, paralegals, legal assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense

of the action; provided, however, that the employees of such counsel to whom such access is permitted shall, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

    (2) Independent experts and consultants employed, consulted or retained in the action by a Party or the attorneys for a Party to perform investigative work, research, analysis, expert testimony and other services specifically related to the prosecution, defense or settlement of the action; provided, however, that the experts or consultants to whom such possession is permitted shall, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

    (3) Deposition reporters and their support personnel for purposes of preparing deposition transcripts provided, however, that those to whom such possession is permitted shall, prior to such possession, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

    (4) The court, court clerk, court reporters, or other personnel assigned to the action;

    (5) Any discovery referee that may be assigned to the action;

  (b) Including Parties as defined above, the following persons may be *shown* but *not given possession of* Counsel's Possession Only Confidential Materials, subject to the following conditions:

    (1) Any witness in a deposition in the action, where Counsel's Possession Only Confidential Material is relevant to the subject matter the deponent would be likely to have knowledge; provided, however, that any such witness, shall, prior to any disclosure, prior to such access or disclosure, be advised of the provisions of this Protective Order and shall be instructed to comply with it;

    (2) The author(s), sender(s), addressee(s) and copy recipient(s) of the Counsel's Possession Only Confidential Material; and

    (3) Percipient witnesses called to testify at trial, but only for purposes of such trial testimony.

5

Stipulation and Order For Protective Order Precluding Disclosure of Confidential and/or Proprietary Information   *Leyva v. OCE Imagistics Inc., et al.* USDC, EDC Case No.: 2:13-cv-00200-GEB-AC

1        4.      <u>Access to Attorneys' Eyes Only Confidential Material</u>.  Unless otherwise ordered by the Court or permitted in writing by the designating party, a party receiving Attorneys' Eyes Only Confidential Material may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to:

          (a)     Outside counsel of record in this action for the Party receiving the materials, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this Action and who have signed the Declaration Regarding Compliance that is attached hereto as Exhibit A;

          (b)     The court and its personnel;

          (c)     Court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this Action and who have signed the Declaration Regarding Compliance  (Exhibit A); and

          (d)     Any other person(s) only with the ***express written permission of the producing/designating party***, which shall not be unreasonably withheld (1) to whom disclosure is reasonably necessary for this action, and (2) who have signed the Declaration Regarding Compliance, Exhibit A hereto.

        5.      <u>Copies of Designated Material</u>.  Copies and extracts of Designated Material may be made by or for only those persons authorized by paragraphs 2-4 to review such materials, provided that all copies and extracts are appropriately marked as "CONFIDENTIAL," "CONFIDENTIAL – COUNSEL'S POSSESSION ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  All copies and extracts of Designated Material are subject to the provisions of this Stipulation as though they were original Designated Material.

        6.      <u>Custody of Designated Material</u>.   All documents containing information designated "CONFIDENTIAL," "CONFIDENTIAL – COUNSEL'S POSSESSION ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and notes or other records regarding that information shall be maintained in the custody of the Parties' outside and/or in-house counsel, and no partial or complete copies thereof containing Designated Material shall be retained by anyone else at any location, except that independent experts and consultants may

6

Stipulation and Order For Protective Order Precluding Disclosure of Confidential and/or Proprietary Information          *Leyva v. OCE Imagistics Inc., et al.*
USDC, EDC Case No.:  2:13-cv-00200-GEB-AC

1  retain documents on a temporary basis for purposes of study, analysis and preparation of the
2  case.

3        7.    <u>Designating Documents</u>.  The designation of all or a portion of a document as
4  "CONFIDENTIAL," "CONFIDENTIAL – COUNSEL'S POSSESSION ONLY," or "HIGHLY
5  CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be made by placing such legend on
6  each designated page of the document prior to production.  In the case of a document produced
7  by a non-party that is not the Designating Person with respect to such document, Defendant
8  reserves its right to seek a protective order to deem such document "CONFIDENTIAL,"
9  "CONFIDENTIAL – COUNSEL'S POSSESSION ONLY," or "HIGHLY CONFIDENTIAL –
10 ATTORNEYS' EYES ONLY" and subject to the terms of this Stipulation.

11       8.    <u>Designating Depositions</u>.

12       (a)    Deposition transcripts or portions thereof may be designated as
13 "CONFIDENTIAL," "CONFIDENTIAL – COUNSEL'S POSSESSION ONLY," or "HIGHLY
14 CONFIDENTIAL – ATTORNEYS' EYES ONLY" either: (i) at the deposition itself, by request
15 of any Party; or (ii) by captioned, written notice to the reporter and all counsel of record, given
16 within ten court days following notice from the reporter that the transcript is available for
17 review, in which case all counsel receiving such notice shall be responsible for marking the
18 copies of the designated transcript or portion thereof in their possession or control as
19 "CONFIDENTIAL," "CONFIDENTIAL – COUNSEL'S POSSESSION ONLY," or "HIGHLY
20 CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Pending expiration of the ten court days,
21 the deposition transcript shall be treated as if it had been designated "CONFIDENTIAL,"
22 "CONFIDENTIAL – COUNSEL'S POSSESSION ONLY," or "HIGHLY CONFIDENTIAL –
23 ATTORNEYS' EYES ONLY."

24       (b)    Where testimony is designated at a deposition, the Designating Person
25 may exclude from the deposition all persons other than those to whom the "CONFIDENTIAL,"
26 "CONFIDENTIAL – COUNSEL'S POSSESSION ONLY," or "HIGHLY CONFIDENTIAL –
27 ATTORNEYS' EYES ONLY" information may be disclosed under paragraphs 2-4 of this
28 Stipulation.

7

(c) Any Party may mark a deposition exhibit as "CONFIDENTIAL," "CONFIDENTIAL – COUNSEL'S POSSESSION ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and examine any witness thereon.

9. Procedures for Submitting Records to the Court.

(a) When lodging and/or filing any Designated Material, or offering it for admission as evidence (including at trial), a non-Designating Person shall submit the Designated Material in a manner compliant with E.D. Cal. Rule 141. When a party receives notice under that Designated Material has been lodged or filed in accordance with these rules, the party may bring a motion to seal the Designated Material pursuant to E.D. Cal. Rule 141. The other party shall not oppose such a motion, and the parties shall stipulate to an order shortening time for notice of hearing on the motion, if so requested. Nothing herein: (a) shall preclude a Designating Person from lodging and/or filing any material it/she designated, or from offering such material for admission as evidence (including at trial) without limitation or restriction of any kind and as permitted by law; and (b) doing so, shall not constitute a breach of this Stipulation or waiver as to the use of any other Designated Material.

(b) The Court's denial of a motion to seal shall not bar use of the Designated Material or the offering of it for admission as evidence in connection with any motion, proceeding or trial in this matter. Using or offering as evidence any Designated Material the Court has refused to seal shall not constitute a breach of this Stipulation.

(c) Notwithstanding paragraph 9(a) above, upon written stipulation of all parties, a non-Designating Person may lodge and/or file and/or offer Designated Material for admission as evidence without a seal in connection with any motion, proceeding or trial in this matter. Using or offering Designated Material in evidence without a seal and by written stipulation shall not constitute a breach of this Stipulation.

(d) The Parties expressly agree that lodging and/or filing of "CONFIDENTIAL," "CONFIDENTIAL – COUNSEL'S POSSESSION ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information with the Court in accordance

///

with paragraph 9 of this Stipulation shall not be deemed nor constitute a waiver of confidentiality under the terms of this Stipulation.

10.   Objections.   A Party may challenge the propriety of any designation under this Stipulation at any time.  A challenge may be made by serving on all other Parties a captioned notice of objection, which shall identify with particularity the "CONFIDENTIAL," "CONFIDENTIAL – COUNSEL'S POSSESSION ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information as to which the designation is challenged, state the basis for each challenge and propose a new designation for each item.  The challenged material shall be deemed re-designated as proposed unless, within ten (10) calendar days after service, the Designating Person has filed and served a motion for a protective order to maintain the original designation or to establish other confidentiality protections.

11.   No Prejudice.

(a)   Nothing in this Stipulation shall preclude any Party from seeking and obtaining additional or different protection with respect to the confidentiality of any information or material.

(b)   This Stipulation shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Person consents before the disclosure takes place.

(c)   The Parties shall exert their best efforts to assert any claims of confidentiality prior to the disclosure of any discovery materials.  The production of any document by any Party shall be without prejudice to any claim by the producing party that such material should have been designated as "CONFIDENTIAL," "CONFIDENTIAL – COUNSEL'S POSSESSION ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Claims of confidentiality may be asserted in writing and with particularity within a reasonable time after learning of such inadvertent or mistaken disclosure and such documents shall be treated as if the claim were made prior to disclosure.  If within a reasonable time after such documents are inadvertently or mistakenly disclosed, the producing party asserts a claim that such documents are "CONFIDENTIAL," "CONFIDENTIAL – COUNSEL'S

POSSESSION ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the receiving party shall take prompt steps to ensure that all known copies of such documents are returned promptly to the producing party for designation as such. The Parties may thereafter contest such claims of confidentiality, as set forth herein.

12. <u>Discovery Obtained By Other Means</u>. This Stipulation is not applicable to "CONFIDENTIAL," "CONFIDENTIAL – COUNSEL'S POSSESSION ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information if copies of such documents already have been obtained by the receiving party in a manner not subject to this Stipulation.

13. <u>Final Disposition</u>. Within 45 days of the final termination of the Action and at the written request of the designating or the producing person, all Designated Material and all copies thereof shall, be returned to counsel for the person that produced the material or destroyed. However, counsel may retain one copy of pleadings, attorney and consultant work product, and depositions for archival purposes.

14. <u>Subpoenas Seeking Confidential Material</u>. If any person that has obtained "CONFIDENTIAL," "CONFIDENTIAL – COUNSEL'S POSSESSION ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under the terms of this Stipulation receives a subpoena commanding the production of any such "CONFIDENTIAL," "CONFIDENTIAL – COUNSEL'S POSSESSION ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, such person shall promptly notify the Designating Person of the service of the subpoena in order to afford the Designating Person an opportunity to object. The person receiving the subpoena shall not produce any "CONFIDENTIAL," "CONFIDENTIAL – COUNSEL'S POSSESSION ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in response to the subpoena without either the prior written consent of the Designating Person or a prior order of the Court in which the subpoena was served.

15. <u>Improper Disclosure</u>.

(a) The Parties and their counsel shall have the duty to use reasonable care and precaution to protect the confidentiality of material covered by this Stipulation. If

Designated Material submitted in accordance with the terms of this Stipulation is disclosed to any person other than in the manner authorized by the terms herein, the Party and person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Party producing such information and, without prejudice to any other rights of the Designating Person, make every effort to prevent further disclosure by it or by the person(s) to whom such information was disclosed.

(b)     The Parties agree that the unauthorized disclosure of Designated Material may cause irreparable injury to the non-breaching party and, accordingly, in the event of any breach or threatened breach of the provisions herein, the non-breaching party shall be entitled to seek immediate injunctive relief by way of *ex parte* hearing or otherwise as allowed by law or equity.  The decision by the non-breaching party to seek such injunctive relief will be without prejudice to any other rights or remedies, legal or equitable, which the non-breaching party might have in the event of such a breach or threatened breach, and neither the seeking by the non-breaching party of any such relief nor the obtaining by the non-breaching party of any other such relief will be a waiver or release of any of the non-breaching party's other rights or remedies in such event.

16.     <u>Survival</u>.  The binding effect of this Stipulation shall survive termination of this Action, and the Court shall retain jurisdiction to enforce the Stipulation.  The terms of this Stipulation shall be binding upon the Parties as a contract, whether or not a judicial officer signs the Proposed Order.

17.     <u>Stipulation</u>.  This Stipulation shall be deemed in full force and effect until the Court's approval of the terms of the Stipulation in the form of an Order and even in the absence

///
///
///
///
///
///

11

Stipulation and Order For Protective Order Precluding Disclosure *Leyva v. OCE Imagistics Inc., et al.*
of Confidential and/or Proprietary Information    USDC, EDC Case No.: 2:13-cv-00200-GEB-AC

of entry of said Stipulation as an Order and even if the Court makes any subsequent modifications thereto pursuant to entry of the Stipulation as an Order.

**IT IS SO STIPULATED.**

Dated: August 15, 2013                LAW OFFICES OF BOWMAN AND ASSOCIATES

By:        /s/ Kara Keister
    ROBERT C. BOWMAN
    KARA KEISTER

Attorneys for Plaintiff  KEN V. LEYVA

Dated: August 16, 2013                JACKSON LEWIS LLP

By:        /s/ Jerry J. Deschler Jr.
    DALE R. KUYKENDALL
    JERRY J. DESCHLER JR.

Attorneys for Defendant CANON SOLUTIONS AMERICA, INC. successor to OCE IMAGISTICS INC.

**IT IS SO ORDERED.**

Dated: August 16, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| KEN V. LEYVA,<br><br>            Plaintiff,<br><br>     v.<br><br>OCE IMAGISTICS INC., a Delaware Corporation doing business in California and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No.   2:13-cv-00200-GEB-AC<br><br>**DECLARATION REGARDING COMPLIANCE REGARDING DISCLOSURE OF DEFENDANT'S CONFIDENTIAL AND/OR PROPRIETARY INFORMATION**<br><br>Complaint Filed:  11.01.12<br>Trial Date:          None Set |

   1.   My name is_____. My current work or home (circle one) address is _____.

   2.   I have read the Stipulation entered into by and between the Parties in this Action and a copy of it has been given to me. I understand the provisions of this Stipulation and agree to comply with and to be bound by its provisions. I submit to the jurisdiction of this Court for purposes of enforcing any of the terms or provisions of the Stipulation.

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Executed this _____ day of _____, 201__, at _____.

   _____
   Signature